IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RANDALL THOMPSON, FRED BARNES, )
DON MCCOMMON and PETER ALFONSO, )
                                )
     Plaintiffs,                )
                                )
vs.                             )        No. 09-2658-D/P
                                )
CITY OF MEMPHIS, LORENE ESSEX   )
and DWAN GILLIAM,               )
                                )
     Defendants.                )
                                )

---

ORDER DENYING PLAINTIFFS' SECOND MOTION TO SEVER
AND
REPORT AND RECOMMENDATION ON CITY OF MEMPHIS'S MOTION TO DISMISS

---

Before the court is Plaintiffs' Second Motion to Sever Parties, filed on June 16, 2011.  (D.E. 51.)  The court held a hearing on the motion on July 13, 2011.  Based on the entire record, the court hereby DENIES the Second Motion to Sever. Further, the court RECOMMENDS that the City of Memphis's pending Motion to Dismiss (D.E. 42) be granted.

I.  BACKGROUND

On September 16, 2009, Plaintiffs filed an original Complaint against the City of Memphis ("City"), Lorene Essex, and Dwan Gilliam alleging (1) discrimination under the Tennessee Human Rights Act, (2) discrimination under 42 U.S.C. § 1983, (3)

retaliation under the Tennessee Human Rights Act, and (4) retaliation under 42 U.S.C. § 1983. (D.E. 1.) The original Complaint requested class certification on behalf of all Caucasian employees of the City of Memphis. (Id.)

On June 29, 2010, the court dismissed defendants Essex and Gilliam pursuant to Fed. R. Civ. P. 12(b)(6), as the Complaint against these defendants failed to state a claim upon which relief could be granted. (D.E. 34.) The court explained that the pleadings did not contain allegations that made discrimination or retaliation a plausible conclusion.

On February 18, 2011, after the court dismissed the class action claims, the City moved to dismiss the remaining substantive claims against it under Federal Rule of Civil Procedure 12(b)(6). (D.E. 42.) In its Motion to Dismiss, the City asserted various grounds upon which dismissal should be granted, including the fact that the Complaint did not allege sufficient facts to make a plausible claim for relief. Plaintiff responded to the City's motion with a request to sever the parties and file individual Complaints with more specific allegations. (D.E. 45.) This was, in effect, a request that the Plaintiffs be allowed to file Severed *Amended* Complaints.

On April 7, 2011, the court recognized that "Plaintiffs' complaint clearly shows that Plaintiffs set forth only a series of

-2-

conclusory allegations that fall short of the <u>Twombly</u> requirement." (D.E. 47.)  Nevertheless, the court held in abeyance the Motion to Dismiss in light of the Plaintiffs' request to file Severed Amended Complaints.  (<u>Id.</u>)  The court granted the Plaintiffs additional time to file a more formal Motion to Sever along with proposed Amended Complaints meeting the <u>Twombly</u> standard.  (<u>Id.</u>)

Plaintiffs filed their Motion to Sever on April 27, 2011, and attached separate proposed Amended Complaints.  (D.E. 48.) However, the proposed Amended Complaints exceeded the scope of what was ordered by the court, as the Amended Complaints sought to add entirely new claims.  The court denied without prejudice Plaintiffs' Motion to Sever.  (D.E. 50.)  The Plaintiffs subsequently filed their Second Motion to Sever and attached proposed Amended Complaints for each Plaintiff.  (D.E. 51.)

The City responded to the Second Motion to Sever by asserting that the proposed Amended Complaints similarly did not satisfy the pleading requirements of <u>Twombly</u>.  (D.E. 52.)  The City of Memphis argued that, therefore, the Second Motion to Sever should be denied on grounds of futility and that its Motion to Dismiss should be granted.

## II.  ANALYSIS

Plaintiffs' Second Motion to Sever is, effectively, a Motion to Amend their Complaint to allege facts sufficient to meet the

-3-

<u>Twombly</u> standard in four separate Complaints.  As the Plaintiffs recognize in their Motion, their right to amend is subject to the court's approval at this stage of the litigation.  <u>See</u> Fed. R. Civ. P. 15.  While leave to amend may be granted "freely," it is settled that amendments should be denied when they are dilatory, when they would prejudice the parties, or when they would be futile.  <u>See</u>, <u>e.g.</u>, <u>Inge v. Rock Fin. Corp.</u>, 388 F.3d 930, 937-38 (6th Cir. 2004); <u>Leary v. Draeschner</u>, 349 F.3d 888, 904-06 (6th Cir. 2003); <u>Wade v. Knoxville Utils. Bd.</u>, 259 F.3d 452, 459-60 (6th Cir. 2001). Here, Plaintiffs' amendment would be futile because the proposed Amended Complaints fail to state a claim under Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) authorizes the court to dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) tests the sufficiency of the claim for relief, "and as such, it must be understood in conjunction with Rule 8(a), which sets out the federal standard for pleading." <u>Hutchison v. Metro. Gov't of Nashville and Davidson, County</u>, 685 F. Supp. 2d 747, 748-49 (M.D. Tenn. 2010) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004)).  The federal rules reflect a policy of liberal notice pleading, and in furtherance of this policy, Rule 8(a)(2) states that a complaint need only contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed, specific factual allegations are not necessary at the pleading stage, as the complaint exists to serve the limited purpose of providing the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Two recent Supreme Court decisions have clarified the standard for testing the sufficiency of a complaint under Rule 12(b)(6). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the court stated that, to survive a motion to dismiss, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555.) In 2009, the Supreme Court clarified the Twombly standard in Iqbal and established a two-pronged framework for evaluating the sufficiency of a complaint. First, the court must distinguish factual allegations, which the court must accept as true for purposes of a Rule 12(b)(6) motion, from "legal conclusion[s] couched as factual allegation[s]," which the court "is not bound to accept as true." Id. at 1949-50.

-5-

Second, the court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss" and the complaint need not reach the level of probability but must provide "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556); see also Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629-30 (6th Cir. 2009) (stating that granting a motion to dismiss is appropriate where a claim "while not utterly impossible, [is] 'implausible'").

In their original Complaint, the Plaintiffs assert Defendant Essex was the former Director of Human Resources for the City. (Am. Answer of Lorene Essex ¶ 6.) Defendant Gilliam was the Public Works Director for the City. (Am. Answer of Dwan Gilliam ¶ 7.) Plaintiffs allege they are Caucasian and have been "consistently denied promotions and disciplined by Plaintiff's [sic] while African American City of Memphis Public Works employees were promoted and not subject to such discipline." (Compl. ¶¶ 9-10.) They further assert "Defendant's [sic] have (i) failed to pay Caucasian employees on par with the pay of African American employees; (ii) failed to promote Caucasian employees fairly; (iii) failed to effectively enforce procedures and policies prohibiting race discrimination; and (iv) retaliated against employees who have protested Defendants' discriminatory policies, procedures and/or

-6-

patterns." (Id. ¶ 11.) Plaintiffs allege they and "the class of Caucasian employees at the City of Memphis have been treated differently from similarly situated African American managers" and "[b]ased on their race, employees such as Plaintiffs have been arbitrarily disciplined and denied promotional opportunities and other benefits of employment." (Id. ¶ 12.)

Plaintiffs assert "[o]n or about September 18, 2008, Plaintiffs' [sic] were arbitrarily disciplined for alleged discrimination and misconduct by Defendants" and prior to that date, "Defendant's [sic] subjected Plaintiffs to hearings and questioning and denied Plaintiffs' counsel present [sic]." (Id. ¶¶ 13-14.) Plaintiffs allegedly "later learned that this questioning was used against them in order to issue the discipline on September 18, 2008." (Id. ¶ 15.) Plaintiffs claim "Defendants['] selection of Plaintiffs for arbitrary discipline was intentional and based upon Plaintiffs' race (Caucasian)." (Id. ¶ 16.)

Additionally, Plaintiffs assert "Defendant City of Memphis, has consistently provided a racially hostile working environment and has not taken remedial actions to resolve the racially hostile environment other than to discipline Plaintiffs for false allegations." (Id. ¶ 17.) Plaintiffs claim "Defendants, have engaged in a systemic policy of unlawful practices of discrimination by creating a pervasive hostile environment based

-7-

upon race, color, or national origin with respect to arbitrary discipline, grading practices and in the awarding of raises and promotions to the Plaintiffs and others similarly situated in violation of the Tennessee Human Rights Act." (Id. ¶ 41.) Plaintiffs further claim "Defendants have engaged in conduct designed to deny Plaintiffs and other similarly situated benefits to which they are entitled in violation of their rights under the 14th Amendment of the United States Constitution to due process and equal protection under the law." (Id. ¶ 43.) Finally, Plaintiffs assert "Defendants retaliated against the Plaintiff and others similarly situated by creating a pervasive hostile environment in retaliation for the Plaintiff's complaints regarding the arbitrary discipline and denial of workplace opportunities based upon race" in violation of Section 1983 and the THRA. (Id. ¶ 46.)

As the district judge found in her order granting the individual defendants' Motions to Dismiss, the factual allegations of these paragraphs were "conclusory" and "not entitled to be assumed true." (D.E. 34 at n.1.) Accordingly, the court held that "Discrimination is not a plausible conclusion of Plaintiff's factual allegations. Nor is retaliation." (Id.)

In their proposed Severed Amended Complaints, the Plaintiffs collectively plead that they "[have] been subjected to unfair and unequal treatment between [them] and individuals of other races."

-8-

(Proposed Amd. Compls. ¶ 9.)  Similarly, the Plaintiffs allege that they were "arbitrarily disciplined for alleged discrimination and misconduct." (Thompson Proposed Amd. Compl. ¶ 12; Barnes Proposed Amd. Compl. ¶ 12; Alfonso Proposed Amd. Compl. ¶ 10; McCommon Proposed Amd. Compl. ¶ 10.)  The Plaintiffs allege that they were denied pay raises that were given to other similarly situated, non-Caucasian employees.   (Thompson Proposed Amd. Compl. ¶¶ 10-11; Barnes Proposed Amd. Compl. ¶¶ 10-11; McCommon Proposed Amd. Compl. ¶¶ 19-20.)

The Plaintiffs also claim that the City's investigation was not "fair and unbiased" because the City failed to "include all employees including those who had been transferred to other departments during the period covered in the allegations against the Plaintiff(s)." (Thompson Proposed Amd. Compl. ¶¶ 14-15; Barnes Proposed Amd. Compl. ¶¶ 15-16; Alfonso Proposed Amd. Compl. ¶¶ 11-12; McCommon Proposed Amd. Compl. ¶¶ 11-12.)  The proposed Amended Complaints add new background facts regarding how, after the Plaintiffs were suspended by the City of Memphis, they appealed their suspension to the Civil Service Commission and were reinstated, the Shelby County Chancery Court denied the City's appeal for relief from the Civil Service decision, and that the Plaintiffs were reinstated.

The court finds that while the four proposed Amended

-9-

Complaints add more details about the factual background of the case, the Complaints still do not contain sufficient factual allegations to plausibly support claims of racial discrimination and retaliation.   For example, Plaintiffs assert that they were denied benefits and retaliated against by the City "based upon race," but offer no factual support for these conclusory allegations.   Plaintiffs assert that they were "singled out due to . . . race" but offer no factual support for this conclusory allegation.   The Plaintiffs assert that they were "arbitrarily disciplined for alleged discrimination and misconduct," but provide no factual support about why such "arbitrary" discipline was discriminatory.   In other words, the allegations in the proposed Severed Amended Complaints are not materially different from the allegations contained in the original Complaint that the district judge opined did not meet the <u>Twombly</u> standard.   Any additional facts contained in the Severed Amended Complaints are, at best, conclusory.   In fact, at the hearing on the Second Motion to Sever, Plaintiffs' counsel conceded that the allegations in the proposed Severed Amended Complaints are essentially the same as the allegations contained in the original Complaint.   The court finds that Plaintiffs' allegations are conclusory in nature and "nothing more than a 'formulaic recitation of the elements of'" their THRA and Section 1983 claims.   Thus, Plaintiffs' allegations are not

-10-

entitled to be assumed true.  <u>Iqbal</u>, 129 S.Ct. at 1951 (finding allegations that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [respondent]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest" were "conclusory and not entitled to be assumed true.").

### III.   CONCLUSION AND RECOMMENDATION

The allegations of Plaintiffs' proposed Severed Amended Complaints fail to meet the pleading requirements of <u>Twombly</u>, and thus, amendment of the Complaint would be futile.  <u>See, e.g.</u>, <u>Inge</u>, 388 F.3d 930 at 937-38.  Because the amendment would be futile, the court DENIES the Second Motion to Sever.

Finally, based on the court's June 6, 2011 order, the court recommends that the City's pending motion to dismiss be granted, consistent with that order.

Respectfully submitted,

<u>s/ Tu M. Pham          </u>
TU M. PHAM
United States Magistrate Judge

<u>July 22, 2011          </u>
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THE RECOMMENDATION THAT THE COURT GRANT THE CITY'S PENDING MOTION TO DISMISS MUST BE FILED WITHIN**

FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.
28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN FOURTEEN
(14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND
ANY FURTHER APPEAL.