# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RANDALL THOMPSON, | ) | |
| FRED BARNES, DON MCCOMMON | ) | |
| and PETER ALFONSO | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 09-2658 |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| LORENE ESSEX, DWAN GILLIAM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AFFIRMING ORDER DENYING MOTION TO SEVER AND GRANTING MOTION TO DISMISS

Before the Court is Plaintiffs' motion to sever its complaint to allege individual claims of discrimination and the city's motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. 12(b)(6). The matters were referred to the magistrate judge for determination as to the severance issue and for report and recommendation as to the motion to dismiss. The magistrate judge found that the motion to sever was really a motion to amend by restating conclusory allegations which fall short of the Twombly pleading standards. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Upon complete review of the record, the Court finds that severance would be a nullity and the complaint would be deficient as to viable claims under applicable law.

Moreover, Plaintiffs' complaint is merely a restatement of Plaintiffs' conclusory allegations coupled with a formulaic recitation of the statutory elements. This is insufficient to meet the threshold Rule 12(b)6) standard. Accordingly, for the reasons

and analysis set forth in the magistrate judge's report and recommendation, which this Court adopts, Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**, this the 15th day of August 2011.

>  s/Bernice Bouie Donald
>  **BERNICE BOUIE DONALD**
>  **UNITED STATES DISTRICT JUDGE**